**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM P. WILLIAMS,<br><br>          Plaintiff,<br><br>   v.<br><br>SMITHKLINE BEECHAM CORPORATION,<br><br>          Defendant._____/ | No. C06-03186 MJJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE AND FOR LEAVE TO RESUME DEPOSITION** |

Before the Court is Defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline's Motion To Strike Portions Of The Deposition Testimony Of Joseph Glenmullen M.D. and For Leave To Resume Dr. Glenmullen's Deposition. (Docket No. 66.) Plaintiffs oppose the Motion.[1] The Court **GRANTS IN PART AND DENIES IN PART** the Motion as set forth below.

The Court **GRANTS** Defendant's request for leave to resume Dr. Glenmullen's deposition for an additional three-and-a-half (3.5) hours. The Court is persuaded that, because of the complexity of Dr. Glenmullen's causation opinions, additional time beyond the presumptive seven-hour limit is "needed to fairly examine" this deponent. *See* Federal Rule of Civil Procedure 30(d)(2).

The Court **DENIES** Defendant's request to strike certain portions of Dr. Glenmullen's

---

[1] Plaintiff did not file his opposition until September 4, 2007, several days after the August 28, 2007 deadline set by the local rules. On September 7, 2007, Plaintiff filed a motion seeking to enlarge time (Docket No. 81) to submit the opposition, explaining that the late filing was due to a clerical error in calculating the due date. The Court finds that no prejudice to Defendants will result by permitting the late filing, as Defendants have already filed a reply to the tardy opposition. Accordingly, the Court **GRANTS** the motion to enlarge time.

deposition testimony as nonresponsive.  Defendant has identified no legal basis for such relief, and such a request is premature.  The Court will reserve determinations as to the relevance and admissibility of Dr. Glenmullen's testimony until such time that a party seeks to introduce such testimony for a substantive purpose and an appropriate objection is timely made.

The Court also **DENIES** Defendant's request that the Court instruct Dr. Glenmullen to provide responsive answers and/or that the Court admonish Plaintiffs' counsel to refrain from speaking objections.  The record does not support such relief.  The Court notes, however, that should any party or witness act in a manner inconsistent with the Federal Rules of Civil Procedure at the resumed deposition, the Court may consider appropriate relief or sanctions at a future date.

**IT IS SO ORDERED.**

Dated: September 17, 2007

_____
MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

2